# EXHIBIT 1

Filed          22-CI-00127     08/31/2022        Teresa Callahan, Lewis Circuit Clerk

NOT ORIGINAL DOCUMENT
09/09/2022 09:24:37 AM
87453-1

COMMONWEALTH OF KENTUCKY
LEWIS CIRCUIT COURT
CIVIL ACTION NO.: 22-CI-_____
*Electronically Filed*

NANCY MCDANIEL and                                                    **PLAINTIFFS**
JEREMY BEVINS,
Administrator of the Estate of
LORETTA BEVINS, deceased

v.

MELINDA DAVIS                                                         **DEFENDANTS**
      Serve: 11 McGrath St.
          Lafayette, IN 47901

LEE E. GIDDENS
      Serve: 3304 Terrazo Trail
          Virginia Beach, VA 23452

ANDERS WILLIAMS TRUCKING COMPANY
      Serve: Alan Siddens, Consultant
          1933 Finney Rd.
          Glasgow, KY 42141
and

TWIN CITY FIRE INSURANCE COMPANY
      Serve:  CT Corporation System
          306 W. Main St.
          Suite 512
          Frankfort, KY 40601

      **<u>Serve via certified mail</u>**

---

## COMPLAINT

---

Plaintiffs, Nancy McDaniel and Jeremy Bevins, as Administrator of the Estate of Loretta Bevins, and for their Complaint against Defendants, Melinda Davis, Lee E. Giddens, Anders Williams Trucking Company, and Twin City Fire Insurance Company state as follows:

Filed          22-CI-00127     08/31/2022        Teresa Callahan, Lewis Circuit Clerk

NOT ORIGINAL DOCUMENT
09/09/2022 09:24:37 AM
87453-1

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, Nancy McDaniel, is a citizen and resident of the Commonwealth of Kentucky, residing at 63 Griffith Spur, Tollesboro, KY  41189.

2.     Plaintiff, Jeremy Bevins, is the duly appointed and acting Administrator of the Estate of Loretta Bevins, having been so appointed by Order of the Lewis District Court entered on October 12, 2021.  The Order is attached as **Exhibit A**.

3.     Decedent, Loretta Bevins, was at all times mentioned herein a citizen and resident of the Commonwealth of Kentucky, residing at 367 Salt Lick Road, Vanceburg, KY 41179.

4.     At all relevant times, Defendant, Melissa Davis ("Defendant Davis"), was a citizen and resident of the State of Indiana, residing at 11 McGrath Street, Lafayette, IN  47901, and can receive service at that address through service by the Secretary of State.

5.     At all relevant times, Defendant, Lee E. Giddens ("Defendant Giddens"), was a citizen and resident of the Commonwealth of Virginia, residing at 3304 Terrazzo Trail, Virginia Beach, VA 23452, and can receive service at that address through service by the Secretary of State.

6.     At all relevant times, Defendant, Anders Williams Trucking Company ("Defendant Anders Williams"), is a North Carolina Corporation, with its principal place of business located at 1901 Burnett Boulevard, Wilmington, NC  28401.

7.     Defendant Anders Williams has designated Multi-States Agent for Process, Inc., as its registered agent of process, who can receive service by Certified Mail to Alan Siddens, 1933 Finney Road, Glasgow, KY 42141.

8.     At all relevant times, Defendant, Twin City Fire Insurance Company ("Defendant Twin City"), is a non-resident insurer licensed to do business in the Commonwealth of Kentucky, with its principal place of business located at One Hartford Plaza, T-14-C, Hartford, CT  06155.

2

NOT ORIGINAL DOCUMENT
09/09/2022 09:24:37 AM
87453-1

9.      Defendant Twin City has designated CT Corporation System as its registered agent of process, who can receive service by Certified Mail to CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601.

10.     At all relevant times, Defendant Lee E. Giddens was the employee, agent, servant, and/or statutory employee for Defendant Anders Williams, operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant Anders Williams.  Accordingly, Defendant Anders Williams is vicariously liable for the acts of Defendant Lee E. Giddens.

11.     The amount in controversy exceeds $75,000.

12.     Venue in Lewis Circuit Court is appropriate because the collision giving rise to this lawsuit occurred in Vanceburg, Lewis County, Kentucky on September 7, 2021.

## COUNT I
## COMMON LAW NEGLIGENCE CLAIMS
## AGAINST MELINDA DAVIS

13.     On or about September 7, 2021, in Vanceburg, Lewis County, Kentucky, Defendant Melinda Davis operated a motor vehicle in a negligent, careless and reckless manner causing it to collide with a motor vehicle operated by Decedent, Loretta Bevins.

14.     The collision referred to in paragraph 11 was the result of the negligence of Defendant Melinda Davis.

15.     As a direct and proximate result of the gross negligence and carelessness of Defendant Melinda Davis, the Plaintiff, Nancy McDaniel, sustained serious and permanent injuries to her body, causing her to incur bills and charges for physicians and medical expenses in treatment, great physical and mental pain and anguish, the loss of enjoyment of life, and impairment of earning capacity.

NOT ORIGINAL DOCUMENT
09/09/2022 09:24:37 AM
87453-1

16.     As a direct and proximate result of the negligence and carelessness of Defendant Melinda Davis as heretofore alleged, Loretta Bevins was caused to sustain personal injuries that caused her death, and resulted in the following damages:

(a)     Loretta Bevins suffered from mental anguish and physical pain before her death as a result of the injuries she sustained in the collision, all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

(b)     Loretta Bevins incurred sums of money for emergency transport, hospital, medical, funeral, and burial expenses in an amount to be determined by a jury sitting in the trial of this matter; and

(c)     Loretta Bevins incurred lost wages in a sum to be determined by a jury sitting in the trial of this matter.

## COUNT II
## STATUTORY VIOLATIONS AGAINST MELINDA DAVIS

17.      Defendant Melinda Davis's actions constitute violations of various sections and subsections of the Kentucky Revised Statutes; including, but not limited to KRS 189.290(1) and constitute negligence per se pursuant to KRS 446.070 and Kentucky case law.

18.     The injuries of Plaintiff Nancy McDaniel and the injuries and resultant death of Loretta Bevins are of the type which these statutes seek to prevent and that such injuries and subsequent death were proximately caused by Defendant Melinda Davis in violation of these statutes.

19.     As a direct and proximate result of Defendant Melinda Davis's violations of Kentucky law, Plaintiff Nancy McDaniel and Decedent Loretta Bevins sustained the injuries and damages itemized in COUNT I.

4

NOT ORIGINAL DOCUMENT
09/09/2022 09:24:37 AM
87453-1

## COUNT III
## COMMON LAW NEGLIGENCE AGAINST DEFENDANTS
## LEE E. GIDDENS & ANDERS WILLIAMS TRUCKING COMPANY

20.     On or about September 7, 2021, in Vanceburg, Lewis County, Kentucky, Defendant Lee E. Giddens was operating a 2016 International Prostar and traveling southbound on KY 9.

21.     The tractor trailer was operated by Defendant Lee E. Giddens on behalf of his employer, Defendant Anders Williams Trucking Company

22.     As Defendant Lee E. Giddens was traveling southbound he failed to maintain control of his vehicle, colliding with Plaintiff's vehicle.

23.     Defendant Lee E. Giddens operated the tractor trailer in a negligent, careless, and reckless manner, causing serious injuries to Plaintiffs, for which Defendant Anders Williams is vicariously liable.

24.     As a direct and proximate result of the gross negligence and carelessness of Defendants Lee E. Giddens and Anders Williams, the Plaintiff, Nancy McDaniel, sustained serious and permanent injuries to her body, causing her to incur bills and charges for physicians and medical expenses in treatment, great physical and mental pain and anguish, the loss of enjoyment of life, and impairment of earning capacity.

25.     As a direct and proximate result of the negligence and carelessness of Defendants Lee E. Giddens and Anders Williams as heretofore alleged, Loretta Bevins was caused to sustain personal injuries that caused her death, and resulted in the following damages:

(a)     Loretta Bevins suffered from mental anguish and physical pain before her death as a result of the injuries she sustained in the collision, all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

5

NOT ORIGINAL DOCUMENT
09/09/2022 09:24:37 AM
87453-1

(b)     Loretta Bevins incurred sums of money for emergency transport, hospital,

medical, funeral, and burial expenses in an amount to be determined by a jury

sitting in the trial of this matter; and

(c)     Loretta Bevins incurred lost wages in a sum to be determined by a jury sitting

in the trial of this matter.

26.     Plaintiff, Nancy McDaniel, will continue to suffer such damages in the future, as her

injuries are permanent in nature, and are at increased likelihood of future complications due to the

severity and permanent nature of her injuries.

### COUNT IV
### NEGLIGENCE *PER SE* AGAINST DEFENDANTS
### LEE E. GIDDENS & ANDERS WILLIAMS TRUCKING COMPANY

27.     Plaintiff adopts and reiterates each and every allegation above, as if set out fully in

this paragraph.

28.     Defendant Lee E. Giddens violated state and federal statutes and regulations,

including but not limited to KRS 189.290, KRS 189.330, 189.338, KRS 189.390, 601 KAR 1:005

and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that

includes Plaintiff, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law,

for which Defendant Anders Williams is vicariously liable.

29.     The injuries sustained by Plaintiffs are of the type which these statutes seek to prevent

and that such injuries were proximately caused by Defendant Lee E. Giddens's violation of these

statutes, for which Defendant Anders Williams Trucking Company is vicariously liable.

30.     As a direct and proximate result of the gross negligence and negligence *per se* of

Defendants Lee E. Giddens and Anders Williams Trucking Company, the Plaintiff, Nancy McDaniel,

sustained serious and permanent injuries to her body, causing her to incur bills and charges for

NOT ORIGINAL DOCUMENT
09/09/2022 09:24:37 AM
87453-1

physicians and medical expenses in treatment, great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity.

31.     Plaintiff, Nancy McDaniel, will continue to suffer such damages in the future, as her injuries are permanent in nature, and are at increased likelihood of future complications due to the severity and permanent nature of her injuries.

32.     As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Lee E. Giddens and Anders Williams Trucking Company, Decedent, Loretta Bevins was caused to sustain personal injuries that caused her death, and resulted in the following damages:

> (a)     Loretta Bevins suffered from mental anguish and physical pain before her death as a result of the injuries she sustained in the collision, all to her damage in a sum to be determined by a jury sitting in the trial of this matter;

> (b)     Loretta Bevins incurred sums of money for emergency transport, hospital, medical, funeral, and burial expenses in an amount to be determined by a jury sitting in the trial of this matter; and

> (c)     Loretta Bevins incurred lost wages in a sum to be determined by a jury sitting in the trial of this matter.

## COUNT V
## NEGLIGENT HIRING, TRAINING, SUPERVISING AND ENTRUSTMENT AGAINST DEFENDANT ANDERS WILLIAMS TRUCKING COMPANY

33.     Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

34.     Defendant Anders Williams had a duty to act reasonably in hiring, instructing, training, supervising, and retaining its drivers and other employees and agents, including Defendant

7

Filed          22-CI-00127   08/31/2022   Teresa Callahan, Lewis Circuit Clerk

NOT ORIGINAL DOCUMENT
09/09/2022 09:24:37 AM
87453-1

Lee E. Giddens, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

35.    Defendant Anders Williams Trucking Company had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

36.    Defendant Anders Williams was negligent, careless, and reckless with regard to the duties set forth above, causing serious injury to Plaintiff, for which it is directly liable.

37.    Defendant Anders Williams violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiffs, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

38.    As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Lee E. Giddens and Anders Williams, the Plaintiff, Nancy McDaniel, sustained serious and permanent injuries to her body, causing her to incur bills and charges for physicians and medical expenses in treatment, great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity.

39.    Plaintiff, Nancy McDaniel, will continue to suffer such damages in the future, as her injuries are permanent in nature, and are at increased likelihood of future complications due to the severity and permanent nature of her injuries.

40.    As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Lee E. Giddens and Anders Williams, Decedent, Loretta Bevins, was caused to sustain personal injuries that caused her death, and resulted in the following damages:

Filed          22-CI-00127   08/31/2022   Teresa Callahan, Lewis Circuit Clerk

NOT ORIGINAL DOCUMENT
09/09/2022 09:24:37 AM
87453-1

(a)     Loretta Bevins suffered from mental anguish and physical pain before her

death as a result of the injuries she sustained in the collision, all to her damage

in a sum to be determined by a jury sitting in the trial of this matter;

(b)     Loretta Bevins incurred sums of money for emergency transport, hospital,

medical, funeral, and burial expenses in an amount to be determined by a jury

sitting in the trial of this matter; and

(c)     Loretta Bevins incurred lost wages in a sum to be determined by a jury sitting

in the trial of this matter.

## COUNT VI
## UNDERINSURED MOTORIST BENEFITS

41.     At all times relevant herein and at the time of the collision described above, Plaintiffs were covered under a policy of insurance with Defendant, Twin City Fire Insurance Company.  A copy of the policy is in the possession of Twin City Fire Insurance Company, who issued same.

42.     Twin City Fire Insurance Company provided underinsured motorist coverage to Plaintiffs, which applies to the above-referenced collision of September 7, 2021.

43.     Defendants are underinsured motorists.

44.     Plaintiffs are entitled to underinsured motorist benefits from Twin City Fire Insurance Company to the extent provided by the policy and by operation of law arising out the injuries and damages itemized in COUNTS I - V, which are incorporated by reference as if set forth in COUNT VI.

**WHEREFORE**, Plaintiffs, Nancy McDaniel and Jeremy Bevins, as Administrator of the Estate of Loretta Bevins, demand judgment against Defendants Melinda Davis, Lee E. Giddens, Anders Williams Trucking Company, and Twin City Fire Insurance Company, as follows:

A.  A trial by jury on all issues of fact herein;

9

NOT ORIGINAL DOCUMENT
09/09/2022 09:24:37 AM
87453-1

B.   For actual, special, punitive, and compensatory damages permitted by law, in an

amount greater than the jurisdictional minimum of this Court;

C.   For prejudgment interest from the date of the Plaintiffs' injuries until such time the

judgment is paid;

D.   For Plaintiffs' costs herein expended; and,

E.   For any and all other relief to which the Plaintiffs are entitled.

RESPECTFULLY submitted this 31st day of August, 2022.

*/s/ Adrian Mendiondo*
ADRIAN MENDIONDO
Morgan & Morgan Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 469-7954
Facsimile: (859) 899-9765
amendiondo@forthepeople.com
*Counsel for Plaintiff*

*/s/ John F. Estill*
JOHN F. ESTILL
Fox, Wood, Wood & Estill
24 W 3rd St.
Maysville, KY 41056
Telephone: (606) 564-5585
Facsimile: (606) 564-6734
jestill@fwwe.law
*Counsel for Plaintiff*

10

NOT ORIGINAL DOCUMENT
09/09/2022 09:24:37 AM
87453-1

COMMONWEALTH OF KENTUCKY
LEWIS DISTRICT COURT
CASE NO. 21-P- 119

IN THE MATTER OF THE ESTATE
OF **LORETTA SUE BEVINS**, DECEASED

*ENTERED
OCT 12 2021
TERESA CALLAHAN, CLERK
BY: D.C.*

## ORDER APPOINTING ADMINISTRATOR

It appearing to the Court by verified application filed herein that **LORETTA SUE**

**BEVINS** died, intestate, a resident of and domiciled in Lewis County, Kentucky on September 7,

2021, and it further appearing that it is necessary and proper that administration of said estate be

granted, and the Court being advised, it is ORDERED and ADJUDGED that JEREMY BEVINS

be and he is hereby appointed Administrator of the estate of **LORETTA SUE BEVINS**,

deceased, with all powers and duties appertaining to said office.

John F. Estill, of Fox, Wood, Wood & Estill, 24 West Third Street, Maysville, Kentucky

41056 is recognized as attorney for the estate.

Thereupon came JEREMY BEVINS and took the oath of office as Administrator

aforesaid, and executed bond in the penal sum of $9,000.00, with *w/o surety* as

surety thereon, which bond is hereby approved by the Court.

This 12 day of October, 2021.

_____
JUDGE, LEWIS DISTRICT COURT

COMMONWEALTH OF KENTUCKY
LEWIS CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 22-CI-00127

***Electronically Filed***

NANCY MCDANIEL and JEREMY BEVINS,
Administrator of the Estate of Loretta Bevins, deceased                    **PLAINTIFFS**

v.   __DEFENDANT, LEE E. GIDDENS' ANSWER TO PLAINTIFFS' COMPLAINT__

MELINDA DAVIS, LEE E. GIDDENS,
ANDERS WILLIAMS TRUCKING COMPANY, and
TWIN CITY FIRE INSURANCE COMPANY                                           **DEFENDANTS**

Comes the Defendant, Lee E. Giddens (hereinafter "Mr. Giddens"), by counsel, and for his

Answer to Plaintiffs' Complaint, hereby states as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim against Mr. Giddens, either in whole or in part,

upon which relief can be granted.

**SECOND DEFENSE**

1.      Mr. Giddens is without sufficient knowledge or information to either admit or deny

the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore denies same.

2.      Mr. Giddens is without sufficient knowledge or information to either admit or deny

the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore denies same.

3.      Mr. Giddens is without sufficient knowledge or information to either admit or deny

the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore denies same.

4.      Mr. Giddens is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore denies same.

5.      Mr. Giddens admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.      Mr. Giddens is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint and therefore denies same.

7.      Mr. Giddens is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore denies same.

8.      Mr. Giddens is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore denies same.

9.      Mr. Giddens is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore denies same.

10.     The allegations contained in Paragraph 10 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens admits that he was working for Co-Defendant, Anders Williams Trucking Company (hereinafter "Anders Williams Trucking", at the time of the subject accident.  Mr. Giddens denies the remaining allegations in said paragraph.

11.     The allegations contained in Paragraph 11 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens denies the allegations contained therein.

12.     The allegations contained in Paragraph 12 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens denies the allegations contained therein.

18843064-8DE0-4B24-9690-2697E9B3C1C : 000014 of 000027

ANS : 000002 of 000011

13.    The allegations contained in Paragraph 13 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required Mr. Giddens admits the allegations contained therein.

14.    The allegations contained in Paragraph 14 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens admits the allegations contained therein.

15.    The allegations contained in Paragraph 15 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens admits the allegations of negligence against Melinda Davis contained therein.  However, Mr. Giddens is without sufficient knowledge or information to either admit or deny the remaining allegations contained in said paragraph and therefore denies same.

16.    The allegations contained in Paragraph 16 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens admits the allegations of negligence against Melinda Davis contained therein.  However, Mr. Giddens is without sufficient knowledge or information to either admit or deny the remaining allegations contained in said paragraph and therefore denies same.

17.    The allegations contained in Paragraph 17 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens admits the allegations contained therein.

18.    The allegations contained in Paragraph 18 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens admits the allegations of negligence against Melinda Davis contained therein.  However, Mr.

18843064-8DE0-4B24-9690-2699TE9B3C1C : 000015 of 000027

ANS : 000003 of 000011

Giddens is without sufficient knowledge or information to either admit or deny the remaining allegations contained in said paragraph and therefore denies same.

19. The allegations contained in Paragraph 19 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Giddens admits the allegations of negligence against Melinda Davis contained therein. However, Mr. Giddens is without sufficient knowledge or information to either admit or deny the remaining allegations contained in said paragraph and therefore denies same.

20. Mr. Giddens admits the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Mr. Giddens denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint as stated. However, Mr. Giddens admits he was working for Anders Williams Trucking at the time of the subject accident.

22. Mr. Giddens denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. The allegations contained in Paragraph 23 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Giddens denies the allegations contained therein.

24. The allegations contained in Paragraph 24 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Giddens denies the allegations contained therein.

25. The allegations contained in Paragraph 25 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Mr. Giddens denies the allegations contained therein.

26.     Mr. Giddens is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint and therefore denies same.

27.     In response to Paragraph 27 of Plaintiffs' Complaint, Mr. Giddens adopts and incorporates his responses and affirmative defenses to the allegations contained in Paragraphs 1-26 of Plaintiffs' Complaint.

28.     The allegations contained in Paragraph 28 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens denies the allegations contained therein.

29.     The allegations contained in Paragraph 29 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens denies the allegations contained therein.

30.     The allegations contained in Paragraph 30 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens denies the allegations contained therein.

31.     Mr. Giddens is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint and therefore denies same.

32.     The allegations contained in Paragraph 32 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens denies the allegations contained therein.

33.     In response to Paragraph 33 of Plaintiffs' Complaint, Mr. Giddens adopts and incorporates his responses and affirmative defenses to the allegations contained in Paragraphs 1-32 of Plaintiffs' Complaint.

34.     The allegations contained in Paragraph 34 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint and therefore denies same.

35.     The allegations contained in Paragraph 35 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint and therefore denies same.

36.     The allegations contained in Paragraph 36 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens denies the allegations contained therein.

37.     The allegations contained in Paragraph 37 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens denies the allegations contained therein.

38.     The allegations contained in Paragraph 38 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens denies the allegations contained therein.

39.     Mr. Giddens is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint and therefore denies same.

40.     The allegations contained in Paragraph 40 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens denies the allegations contained therein.

41.     Mr. Giddens is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint and therefore denies same.

42.     Mr. Giddens is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint and therefore denies same.

43.     Mr. Giddens denies the allegations against him contained in Paragraph 43 of Plaintiffs' Complaint.

44.     The allegations contained in Paragraph 44 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Mr. Giddens denies the allegations contained therein.

45.     Any and all other allegations contained in Plaintiffs' Complaint which are not specifically admitted herein are denied.

## **THIRD DEFENSE**

Plaintiffs' claims may be barred, either in whole or in part, by the applicable statute of limitations and Mr. Giddens relies upon same as an affirmative defense.

## **FOURTH DEFENSE**

Plaintiffs' claims may be barred in whole or in part by KRS 304.39-010 *et seq.*, otherwise known as the Kentucky Motor Vehicle Reparations Act, which Mr. Giddens adopts and incorporates herein as an affirmative defense.

## **FIFTH DEFENSE**

Plaintiffs' injuries and/or damages, if any, may have been caused in whole or in part by their own negligence and/or the negligence of a third party for whom Mr. Giddens is not responsible, but for which said injuries and/or damages, if any, would not have occurred.

## SIXTH DEFENSE

Plaintiffs may have failed to mitigate their alleged damages, if any, and Mr. Giddens relies upon same as an affirmative defense.

## SEVENTH DEFENSE

Plaintiffs may have failed to name indispensable parties to this action and Mr. Giddens relies upon same as an affirmative defense.

## EIGHTH DEFENSE

The claim of Plaintiffs for punitive and/or exemplary damages against Mr. Giddens cannot be sustained, because an award of punitive and/or exemplary damages under Kentucky law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Kentucky law would violate Mr. Giddens' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

(2)    The claim of Plaintiffs for punitive and/or exemplary damages against Mr. Giddens cannot be sustained, because an award of punitive and/or exemplary damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive and/or exemplary damages award; (2) is not instructed on the limits on punitive and/or exemplary damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive and/or exemplary damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive and/or exemplary damages under a standard for determining liability for punitive and/or exemplary damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive and/or exemplary damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would

violate Mr. Giddens' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 2, 3, 13 and 17 of the Kentucky Constitution.

(3)     The claim of Plaintiffs for punitive and/or exemplary damages cannot be sustained, because an award of punitive and/or exemplary damages under Kentucky law without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate Mr. Giddens' rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment and Sections 2, 10, 11, 13 and 14 of the Kentucky Constitution.

(4)     Any award of punitive and/or exemplary damages based on anything other than Mr. Giddens' conduct in connection with the alleged incidents that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and Sections 2 and 13 of the Kentucky Constitution, because any other judgment for punitive and/or exemplary damages in this case cannot protect Mr. Giddens against impermissible multiple punishment for unrelated incidents.

## NINTH DEFENSE

Mr. Giddens reserves his right to assert claims arising out of the accident for his personal injuries.

**TENTH DEFENSE**

Mr. Giddens provisionally pleads as affirmative defenses those defenses of CR 8.03 as if fully restated herein, said defenses applicability to be determined during discovery and Mr. Giddens reserves the right to assert additional defenses, whether affirmative or otherwise about which he presently lacks sufficient knowledge or information but which may become available during the course of this litigation through discovery and other means.

WHEREFORE, the Defendant, Lee E. Giddens, by counsel, respectfully demands as follows:

1. That Plaintiffs' Complaint against him be dismissed *with prejudice*;

2. For his costs herein expended, including reasonable attorney's fees;

3. For a trial by jury on all issue so triable; and

4. For any and all other relief, legal or equitable, to which he may appear entitled.

Respectfully submitted,

BARNES MALONEY PLLC

*/s/ Blake V. Edwards*

_____
Blake V. Edwards, Esq.
Daniel I. Wenig, Esq.
401 West Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 625-1703
FAX: (502) 779-9348
bedwards@sbmkylaw.com
dwenig@sbmkylaw.com
*Counsel for Defendants,*
*Lee E. Giddens and Anders Williams Trucking*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing has been electronically filed with the Ky. e-Filing system on this 29th day of September, 2022, and electronic notice of same will be sent to the following Counsel of record:

John F. Estill, Esq.
Fox, Wood, Wood & Estill
24 West Third Street
Maysville, KY 41056
jestill@fwwe.law
*Co-Counsel for Plaintiffs*

Adrian Mendiondo, Esq.
Morgan & Morgan Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
amendiondo@forthepeople.com
*Co-Counsel for Plaintiffs*

Robert Cetrulo, Esq.
Cetrulo, Law, P.S.C.
130 Dudley Road, Suite 200
Edgewood, KY 41017
*Counsel for Defendant, Melinda Davis*

Brian M. Gudalis, Esq.
Ward, Hocker & Thornton, PLLC
333 W. Vine Street, Suite 1100
Lexington, KY 40507
*Counsel for Defendant, Twin City Fire Insurance Company*

*/s/ Blake V. Edwards*

_____

BARNES MALONEY PLLC

COMMONWEALTH OF KENTUCKY
LEWIS CIRCUIT COURT
DIVISION I
CIVIL ACTION NO. 22-CI-00127

***Electronically Filed***

NANCY MCDANIEL and JEREMY BEVINS,
Administrator of the Estate of Loretta Bevins, deceased                  **PLAINTIFFS**

v.          **DEFENDANT, ANDERS WILLIAMS TRUCKING COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT**

MELINDA DAVIS, LEE E. GIDDENS,
ANDERS WILLIAMS TRUCKING COMPANY, and
TWIN CITY FIRE INSURANCE COMPANY                                  **DEFENDANTS**

---

Comes the Defendant, Anders Williams Trucking Company (hereinafter "Anders Williams Trucking"), by counsel, and for its Answer to Plaintiffs' Complaint, hereby states as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Anders Williams Trucking, either in whole or in part, upon which relief can be granted.

## SECOND DEFENSE

1.      Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore denies same.

2.      Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore denies same.

3.      Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore denies same.

4.      Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore denies same.

5.      Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint and therefore denies same.

6.      Anders Williams Trucking admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.      Anders Williams Trucking admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.      Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore denies same.

9.      Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore denies same.

10.     The allegations contained in Paragraph 10 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Anders Williams Trucking admits that Co-Defendant, Lee E. Giddens, was working for it at the time of

18843064-8DE0-4B24-9690-2699T7E9B3C1C : 000002 of 000027

ANS : 000002 of 000012

the subject accident.   Anders Williams Trucking denies the remaining allegations in said paragraph.

11.     The allegations contained in Paragraph 11 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

12.     The allegations contained in Paragraph 12 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

13.     The allegations contained in Paragraph 13 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Anders Williams Trucking admits the allegations contained therein.

14.     The allegations contained in Paragraph 14 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Anders Williams Trucking admits the allegations contained therein.

15.     The allegations contained in Paragraph 15 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Anders Williams Trucking admits the allegations of negligence against Melinda Davis contained therein. However, Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the remaining allegations contained in said paragraph and therefore denies same.

16.     The allegations contained in Paragraph 16 of Plaintiffs' Complaint constitute legal conclusions to which no response is required.   To the extent a response is required, Anders Williams Trucking admits the allegations of negligence against Melinda Davis contained therein.

However, Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the remaining allegations contained in said paragraph and therefore denies same.

17.     The allegations contained in Paragraph 17 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking admits the allegations contained therein.

18.     The allegations contained in Paragraph 18 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking admits the allegations of negligence against Melinda Davis contained therein. However, Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the remaining allegations contained in said paragraph and therefore denies same.

19.     The allegations contained in Paragraph 19 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking admits the allegations of negligence against Melinda Davis contained therein. However, Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the remaining allegations contained in said paragraph and therefore denies same.

20.     Anders Williams Trucking admits the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.     Anders Williams Trucking denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint as stated. However, Anders Williams Trucking admits that Mr. Giddens was working for it at the time of the subject accident.

22.     Anders Williams Trucking denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. The allegations contained in Paragraph 23 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

24. The allegations contained in Paragraph 24 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

25. The allegations contained in Paragraph 25 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

26. Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 26 of Plaintiffs' Complaint and therefore denies same.

27. In response to Paragraph 27 of Plaintiffs' Complaint, Anders Williams Trucking adopts and incorporates its responses and affirmative defenses to the allegations contained in Paragraphs 1-26 of Plaintiffs' Complaint.

28. The allegations contained in Paragraph 28 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

29. The allegations contained in Paragraph 29 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

30. The allegations contained in Paragraph 30 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

31. Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint and therefore denies same.

32. The allegations contained in Paragraph 32 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

33. In response to Paragraph 33 of Plaintiffs' Complaint, Anders Williams Trucking adopts and incorporates its responses and affirmative defenses to the allegations contained in Paragraphs 1-32 of Plaintiffs' Complaint.

34. The allegations contained in Paragraph 34 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking admits that it acted with all due care, but denies the allegations contained therein as stated.

35. The allegations contained in Paragraph 35 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking admits that it acted with all due care, but denies the allegations contained therein as stated.

36. The allegations contained in Paragraph 36 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

18843064-8DE0-4B24-9690-2699 7E9B3C1C : 000006 of 000027

ANS : 000006 of 000012

37. The allegations contained in Paragraph 37 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

38. The allegations contained in Paragraph 38 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

39. Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint and therefore denies same.

40. The allegations contained in Paragraph 40 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

41. Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint and therefore denies same.

42. Anders Williams Trucking is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint and therefore denies same.

43. Anders Williams Trucking denies the allegations against it contained in Paragraph 43 of Plaintiffs' Complaint.

44. The allegations contained in Paragraph 44 of Plaintiffs' Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Anders Williams Trucking denies the allegations contained therein.

45. Any and all other allegations contained in Plaintiffs' Complaint which are not specifically admitted herein are denied.

## THIRD DEFENSE

Plaintiffs' claims may be barred, either in whole or in part, by the applicable statute of limitations and Anders Williams Trucking relies upon same as an affirmative defense.

## FOURTH DEFENSE

Plaintiffs' claims may be barred in whole or in part by KRS 304.39-010 *et seq.*, otherwise known as the Kentucky Motor Vehicle Reparations Act, which Anders Williams Trucking adopts and incorporates herein as an affirmative defense.

## FIFTH DEFENSE

Plaintiffs' injuries and/or damages, if any, may have been caused in whole or in part by their own negligence and/or the negligence of a third party for whom Anders Williams Trucking is not responsible, but for which said injuries and/or damages, if any, would not have occurred.

## SIXTH DEFENSE

Plaintiffs may have failed to mitigate their alleged damages, if any, and Anders Williams Trucking relies upon same as an affirmative defense.

## SEVENTH DEFENSE

Plaintiffs may have failed to name indispensable parties to this action and Anders Williams Trucking relies upon same as an affirmative defense.

## EIGHTH DEFENSE

The claim of Plaintiffs for punitive and/or exemplary damages against Anders Williams Trucking cannot be sustained, because an award of punitive and/or exemplary damages under Kentucky law for the purpose of compensating Plaintiffs for elements of damage not otherwise

recognized by Kentucky law would violate Anders Williams Trucking's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

(2)     The claim of Plaintiffs for punitive and/or exemplary damages against Anders Williams Trucking cannot be sustained, because an award of punitive and/or exemplary damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive and/or exemplary damages award; (2) is not instructed on the limits on punitive and/or exemplary damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive and/or exemplary damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Anders Williams Trucking; (4) is permitted to award punitive and/or exemplary damages under a standard for determining liability for punitive and/or exemplary damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive and/or exemplary damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Anders Williams Trucking's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 2, 3, 13 and 17 of the Kentucky Constitution.

(3)     The claim of Plaintiffs for punitive and/or exemplary damages cannot be sustained, because an award of punitive and/or exemplary damages under Kentucky law without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse

witnesses, a speedy trial and the effective assistance of counsel would violate Anders Williams Trucking's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment and Sections 2, 10, 11, 13 and 14 of the Kentucky Constitution.

(4)     Any award of punitive and/or exemplary damages based on anything other than Anders Williams Trucking's conduct in connection with the alleged incidents that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and Sections 2 and 13 of the Kentucky Constitution, because any other judgment for punitive and/or exemplary damages in this case cannot protect Anders Williams Trucking against impermissible multiple punishment for unrelated incidents.

## NINTH DEFENSE

Anders Williams Trucking provisionally pleads as affirmative defenses those defenses of CR 8.03 as if fully restated herein, said defenses applicability to be determined during discovery and Anders Williams Trucking reserves the right to assert additional defenses, whether affirmative or otherwise about which it presently lacks sufficient knowledge or information but which may become available during the course of this litigation through discovery and other means.

WHEREFORE, the Defendant, Anders Williams Trucking Company, by counsel, respectfully demands as follows:

1. That Plaintiffs' Complaint against it be dismissed *with prejudice*;

2. For its costs herein expended, including reasonable attorney's fees;

3. For a trial by jury on all issue so triable; and

4. For any and all other relief, legal or equitable, to which it may appear entitled.

Respectfully submitted,

BARNES MALONEY PLLC

*/s/ Blake V. Edwards*

_____

Blake V. Edwards, Esq.
Daniel I. Wenig, Esq.
401 West Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 625-1703
FAX: (502) 779-9348
bedwards@sbmkylaw.com
dwenig@sbmkylaw.com
*Counsel for Defendants,*
*Lee E. Giddens and Anders Williams Trucking*

## <u>CERTIFICATE OF SERVICE</u>

      This will certify that a true and correct copy of the foregoing has been electronically filed with the Ky. e-Filing system on this 29th day of September, 2022, and electronic notice of same will be sent to the following Counsel of record:

John F. Estill, Esq.  
Fox, Wood, Wood & Estill  
24 West Third Street  
Maysville, KY 41056  
jestill@fwwe.law  
*Co-Counsel for Plaintiff*

Adrian Mendiondo, Esq.  
Morgan & Morgan Kentucky, PLLC  
333 West Vine Street, Suite 1200  
Lexington, KY 40507  
amendiondo@forthepeople.com  
*Co-Counsel for Plaintiff*

Robert Cetrulo, Esq.  
Cetrulo, Law, P.S.C.  
130 Dudley Road, Suite 200  
Edgewood, KY 41017  
*Counsel for Defendant, Melinda Davis*

Brian M. Gudalis, Esq.  
Ward, Hocker & Thornton, PLLC  
333 W. Vine Street, Suite 1100  
Lexington, KY 40507  
*Counsel for Defendant, Twin City Fire Insurance Company*

*/s/ Blake V. Edwards*

_____

BARNES MALONEY PLLC